**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

FALYN MCMILLER,                          )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )          No. 4:26-cv-466-ACL
                                         )
ST. ANN MUNICIPAL COURT,                 )
                                         )
        Defendant.                       )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Falyn McMiller brings this action for alleged employment discrimination. The matter is now before the Court upon Plaintiff's application to proceed in district court without prepaying costs or fees and motion to appoint counsel. ECF Nos. 2 & 3. After considering the application and financial information provided, the Court will grant the application and waive the filing fee. Now that Plaintiff is proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

### Legal Standard

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff filed her complaint on March 31, 2026 against St. Ann Municipal Court under the Americans with Disability Act (ADA). ECF No. 1. The conduct Plaintiff complained of includes termination, retaliation, and harassment. *Id*. at 4. Notably, Plaintiff leaves the section blank in which she must identify the basis of the discrimination and whether this is the same basis as what was alleged in her charge of discrimination. *Id*. at 5. Plaintiff asserts that between June 2025 and September 2025 she "was harassed [sic] by the supervisors of St. Ann Municipal

Courts." *Id*. She states that "[e]verything started when the battery went out on my car" and she had to leave her car on the defendant's parking lot. *Id*. After that she was told to park in the Big Lots parking lot. *Id*. Plaintiff argues that she "cannot be in the heat due to my illness." *Id*. Plaintiff never states what illness she has or if it is her alleged disability. She continued to park in the front parking lot which caused complaining. *Id*. She does not identify if the complaints came from a coworker or supervisor, or the nature of those complaints. Plaintiff then states that her dad was ill and on hospice and the defendants was aware of this. *Id*. at 5-6. Her dad passed away in early August and she used two bereavement days but believes she was underpaid for those days. *Id*. at 6. She claims she was sent home several times without pay after her dad passed. *Id*. She also states that the defendant "barely let me off to attend doctors appointments for my arm." *Id*. She does not state what was wrong with her arm or if this is part of her alleged disability. Plaintiff says that her request for time off for surgery in mid-September was denied. *Id*. Finally, she states that she "called off" work on September 3 "from being overwhelmed & overworked" and was told the next day that she could quit or be fired. *Id*. In her request for relief, Plaintiff writes only "I want justice for getting wrongfully terminated." *Id*. at 7.

Plaintiff provides a charge of discrimination which she filed with the EEOC. Plaintiff does not allege any disability discrimination in the charge. Instead, Plaintiff states only retaliation as the basis of her complaint. ECF No. 1-3 at 7. In the section for Plaintiff to describe the adverse actions of the defendant she writes that she was "singled out since my dad passed away…" *Id*. She alleges that when she had to do something related to her dad, she was sent home without pay. *Id*. She also complains that she was underpaid for her bereavement leave. *Id*. She lodges several complaints about her hours and benefits. *Id*. She states that the defendant didn't want to let her off work for surgery on her arm. *Id*.

3

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court will direct Plaintiff to file an amended complaint.

### A. Plaintiff must amend her complaint and complete the Court-form.

In submitting her amended complaint, Plaintiff must complete the entire Court-form. Her initial complaint leaves blank Question 11, and she fails to indicate if the same reason(s) were in her charge of discrimination. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that the defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known.

4

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of the amended complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

**B. Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.**

Plaintiff's assertion of a violation of the ADA fails because Plaintiff has not pled a disability. To establish discrimination under the ADA, a plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

Further, Plaintiff's charge of discrimination does not allege discrimination under the ADA. Instead, the charge of discrimination only references retaliation, so Plaintiff should limit her amended complaint to instances showing retaliation. Under the ADA, plaintiffs must exhaust their administrative remedies by filing a charge with the EEOC before filing a lawsuit against an employer. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944 (8th Cir. 2021). Therefore, Plaintiff cannot bring a claim of discrimination under the ADA as she has not exhausted this remedy.

Finally, most of the complaints lodged by Plaintiff appear unrelated to any possible retaliation claim. For example, Plaintiff states that her problems started when her car battery died

and her car was left on the defendant's parking lot. This is not evidence of retaliation. Filing a claim under the ADA is not simply listing every grievance Plaintiff may have had with her employer. Only facts that support a claim under the ADA are relevant to this case. In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded.  *Stone*, 364 F.3d at 914. Plaintiff should limit her amended complaint to the allegations that she can support with facts.

## Motion to Appoint Counsel

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the

6

ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to establish a *prima facie* claim of employment discrimination, so it is premature to consider when appointment of counsel if warranted. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall amend her complaint, on the court-provided form, within **30 days** of the date of this Order in compliance with the instructions set forth herein.

**Failure to comply with this Order may result in the dismissal of this action without prejudice and without further notice.**

Dated:  July 7, 2026.          s/*Abbie Crites-Leoni*
                                ABBIE CRITES-LEONI
                                UNITED STATES MAGISTRATE JUDGE

7